UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE GENE PAGE, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. |
| | ) | |
| V. | ) | 3:03-CV-2741-G |
| | ) | |
| RICK THALER, Director, Texas | ) | CONSOLIDATED WITH |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | 3:03-CV-2743-G |
| | ) | |
| Respondent.[1] | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. No objections were filed. The district court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the court **ACCEPTS** the findings, conclusions and recommendation of the

---

[1] The previously-named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Nathaniel Quarterman as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, he is "automatically" substituted as a party.

United States Magistrate Judge, and **DISMISSES** for want of jurisdiction petitioner's motions for leave to file a successive habeas corpus petition (Doc. #31 in No. 3:03-CV-2741-G, and Doc. # 14 in No. 3:03-CV-2743-G). Such a dismissal is without prejudice to petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

It is **ORDERED** that the clerk will **OPEN** for administrative purposes a new habeas corpus action (nature of suit 530 directly assigned to the same district judge and magistrate judge) and will **CLOSE** the same on the basis of this order.

It is further **ORDERED**, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), that a certificate of appealability is **DENIED**. The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this

Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

March 22, 2010.

/s/ A. Joe Fish
**A. JOE FISH**
**Senior United States District Judge**

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.